UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. MORIARTY,

      Plaintiff,

v.                                  Case No. 10-13860
                                    Honorable Patrick J. Duggan
BNC MORTGAGE, INC., MORTGAGE
ELECTRONIC REGISTRATION
SYSTEM, INC., WELLS FARGO BANK,
and JOHN DOE TRUST,

      Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on December 15, 2010.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                    U.S. DISTRICT COURT JUDGE

On August 17, 2010, Plaintiff David Moriarty ("Plaintiff"), through counsel, filed a complaint against Defendants in the Circuit Court for Macomb County, Michigan. In his Complaint, Plaintiff seeks a declaratory judgment declaring void the foreclosure and sheriff's deed with respect to property located at 16057 Harvest Spring Lane in Macomb Township, Michigan ("property"). Defendants removed Plaintiff's Complaint to this Court on September 27, 2010. Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), filed November 5, 2010.

According to Defendants, they served Plaintiff with a copy of their motion via the

Court's electronic filing system on November 5, 2010. On November 9, 2010, this Court sent a notice to the parties indicating that the motion to dismiss had been filed and reminding them of the provisions of Local Rule 7.1, specifically subsection (e) which provides that "[a] response to a dispositive motion must be filed within 21 days after service of the motion." Nevertheless, Plaintiff has not responded to the motion. On December 3, 2010, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to Defendants' motion to dismiss pursuant to Eastern District of Michigan Local Rule 7.1(f).

For the reasons that follow, the Court grants Defendants' motion.

**I.  Applicable Standard**

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must show that his complaint alleges facts which, if proved, would entitle him to relief. *First Am. Title Co. v. DeVaugh*, 480 F.3d 438, 443 (6th Cir. 2007). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). Reviewing a motion to dismiss ". . . the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Bledsoe v. Cmty. Health Sys.*, 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct 1955, 1974 (2007)). "Under general pleading standards, the facts alleged in the complaint

need not be detailed, although 'a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65).

## II. Factual Background

In his Complaint, Plaintiff alleges that he executed a promissory note secured by a mortgage on the property on September 20, 2006. Defendant BNC Mortgage, Inc. was the lender and mortgagee. The mortgage named Defendant Mortgage Electronic Registration System, Inc. ("MERS") as nominee for the lender. Plaintiff alleges that Defendant Wells Fargo Bank subsequently became the lender and a loan modification agreement was entered into and recorded on May 30, 2008.

Plaintiff claims that a new promissory note was issued at the time of the loan modification agreement and that it was thereafter paid in full. However, he claims, the note, mortgage, and collection of his payment were divided and MERS assigned the mortgage to Defendant John Doe Trust. Foreclosure proceedings subsequently were instituted and the property was sold at a sheriff's sale on March 19, 2010.

Plaintiff alleges that John Doe Trust lacked standing to enforce the promissory note and that the foreclosure proceedings therefore were not initiated by the proper party. He therefore contends that the foreclosure and sale of the property are void. Plaintiff also alleges without specificity that "other irregularities existed in the [f]oreclosure by advertisement [s]ale . . . and the original loan process" which violated federal law.

3

**III. Analysis**

Defendants seek dismissal of Plaintiff's Complaint, arguing that Plaintiff lost standing to assert any rights to or interest in the property when the six-month redemption period pursuant to Michigan Compiled Law § 600.3240(8) expired in September 2010. Defendants are correct.

Pursuant to Michigan law, once the redemption period following foreclosure of property has expired, the former owner's rights in and title to the property are extinguished. *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187, 4 N.W.2d 514 (1942); *see also* Mich. Comp. Laws § 600.3236. At that point, the former owner loses standing to assert claims with respect to the property. *Overton v. Mortgage Electronic Registration Sys., Inc.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009) (unpublished opinion); *see also Kama v. Wells Fargo Bank*, No. 10-10514, 2010 WL 4386974, at *2 (E.D. Mich. Oct. 29, 2010) (Hood, J.); *Smith v. Wells Fargo Home Mortgage, Inc.*, No. 09-13988 (E.D. Mich. August 16, 2010) (Steeh, J.). The property at issue in this case was sold at a sheriff's sale on March 19, 2010. The redemption period expired as of September 19, 2010. Mich. Comp. Laws § 600.3240(8).

Plaintiff therefore lacks standing to challenge the foreclosure and/or sheriff's sale. This outcome is not altered because he filed this lawsuit before the redemption period expired. *Overton*, 2009 WL 1507342, at *1 (holding that the plaintiff's filing of his lawsuit did not toll the redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings). As the Michigan Court of

4

Appeals explained in *Overton*:

> [P]laintiff was required to raise the arguments when foreclosure proceedings began. Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption sale. Although he filed his suit before the redemption period expired, that was insufficient to toll the redemption period. "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." *Schulthies v. Barron*, 16 Mich. App 246, 247-248, 167 NW2d 784 (1969). Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished. *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187, 4 N.W.2d 514 (1942); MCL 600.3236.

*Id.*

In short, once the redemption period expired in September 2010, Plaintiff lost standing to seek a declaratory judgment voiding the foreclosure proceedings and sheriff's sale.

Accordingly,

**IT IS ORDERED**, that Defendants' motion to dismiss is **GRANTED**.

                                         s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:
Douglas A. McKinney, Esq.
Matthew J. Boettcher, Esq.
Patrick C. Lannen, Esq.